JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant Reginald Moore (Moore) appeals from the decision of the Cuyahoga County Court of Common Pleas finding him guilty of possession of crack cocaine in violation of R.C. 2925.11. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} Patrolman Peter Harness (Harness), of the Cuyahoga Metropolitan Housing Authority Police Department, and his partner were patrolling CMHA property on Woodland Avenue at 4:30 a.m. They observed Moore screaming profanities and banging on the door to 4725 Woodland attempting to gain entry into an apartment unit. The unit was occupied by Moore's ex-girlfriend, Lynette Foster (Foster). Foster refused to admit Moore to her residence.
 {¶ 4} Harness smelled alcohol on Moore and noticed Moore was slurring some of his words. Harness asked Moore to leave the area. Moore responded with derogatory language directed at Harness. Harness and his partner decided to arrest Moore for disorderly conduct and intoxication when he refused to stop causing a disturbance. During the arrest, Moore began screaming that Foster should be arrested as well. Moore then told Harness that he and Foster had been smoking crack cocaine in Foster's apartment earlier and that a crack pipe would be located there. Moore told the officers that the pipe used to smoke cocaine was in the pocket of his black coat inside Foster's apartment.
 {¶ 5} The officers received Foster's consent to enter her apartment and search for the jacket and crack pipe. Moore directed the officers to the closet where they found his black jacket. Inside the pocket of the jacket, they found a suspected crack pipe.
 {¶ 6} After the officers removed the crack pipe and showed it to Moore, he admitted to Harness that it was his. The pipe was then seized by Harness. Tracy Kramer (Kramer), of the Cleveland Police Department Forensic Laboratory, later tested the pipe which revealed the presence of crack cocaine. Moore was indicted for a single count of possession of crack cocaine. At trial, he was convicted and sentenced to seven months in prison. Moore advances one assignment of error for our review.
 {¶ 7} "Assignment of Error I: Appellant's conviction for drug possession is against the manifest weight of the evidence."
 {¶ 8} State v. Martin (1983), 20 Ohio App.3d 172, set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated: "Here, the test [for manifest weight] is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *" Tibbs v. Florida (1982), 457 U.S. 31. The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. Martin, supra.
 {¶ 9} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442/64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include: "1) Knowledge that even a reviewing court is not required to accept the incredible as true; 2) Whether evidence is uncontradicted; 3) Whether a witness was impeached; 4) Attention to what was not proved; 5) The certainty of the evidence; 6) The reliability of the evidence; 7) The extent to which a witness may have a personal interest to advance or defend their testimony; and 8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary." Id.
 {¶ 10} Moore asserts his conviction was against the manifest weight of the evidence because Harness never confirmed the jacket fit Moore, Harness didn't take the jacket into evidence, no efforts were made to fingerprint the crack pipe, and Harness admitted he could not say how long the crack pipe had been in the jacket. We contrast that with the evidence that was admitted at trial.
 {¶ 11} Moore provided Harness with the only information that a crack pipe existed. Moore told Harness where to find the crack pipe. Harness found the crack pipe in that location. After finding the crack pipe, Moore admitted the jacket was his and the crack pipe found inside the jacket was also his. Kramer tested the crack pipe and testified that her tests revealed the presence of crack cocaine.
 {¶ 12} None of the state's evidence was contradicted; no witness was impeached; the reliability of the evidence was not challenged; and no uncertainties, conflicts or fragmentation in the evidence were present at trial. Based upon that review and considering the entire record, this court does not find the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.
 {¶ 13} This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and TIMOTHY E. McMONAGLE, J., concur.